Filed 4/27/21  P. v. Li CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN LI,<br><br>    Defendant and Appellant. | A161321<br><br>(San Francisco City & County Super. Ct. Nos. 232039-03, 19005419) |

Defendant Juan Li appeals from a postjudgment restitution order requiring her to pay restitution to five victims.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, indicating he has not been able to identify any arguable issues on appeal.  Counsel asks this court to review the record for error as mandated by *Wende*.  Defendant has been notified by her counsel she had 30 days to file a supplemental brief with the court.  No supplemental brief has been received.  Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

## BACKGROUND

Defendant Juan Li and three other Chinese women were accused of taking part in a "Maoming blessing scam," an affinity scam usually involving four suspects who target elderly female Chinese immigrants and take

advantage of their superstitions. Li, who the victims never saw, played the role of an "overwatch" who would look out for law enforcement while the other women directly interacted with the victims and carried out the scam. The overwatch also provides counter surveillance when necessary, communicates with middlemen, handles the delivery and exodus of the group, and provides general protection for the group while the scam is being presented to the victim.

Li and her accomplices were accused of perpetrating the scam on five Chinese victims and using similar scheming methods on each victim. The scam begins with the first perpetrator approaching the victim, who is usually an elderly Chinese-speaking woman alone in public. The first perpetrator asks the victim if she knows where a particular doctor or a particular herb can be found, explaining a family member has a major health issue and needs the herb. A second perpetrator then approaches the two women, pretending to be a stranger who overheard their conversation. She tells the two women she knows where to find the doctor or herb, that the location is nearby, and suggests they all walk there together. The victim follows the two perpetrators to the location, and on the way there, the perpetrators ask the victim personal questions to learn information about her. A third accomplice waits at the designated location, and when the two perpetrators arrive with the victim, the third accomplice tells them the doctor is too busy to see them, but she can call the doctor for advice. She calls the doctor, who makes targeted claims about the first perpetrator and her family health issues. The claims make the doctor appear powerful.

The third accomplice then tells the victim that the doctor says a major calamity or curse will befall the victim's family. When the victim asks why, the third accomplice tells her the doctor saw that she unknowingly stepped

on the blood of a pregnant woman killed in a traffic accident. They tell the victim that the pregnant woman's unborn child wants to marry the victim's youngest family member and that the ghost of the pregnant woman will kill the young family member to carry out the marriage. The threat of a ghost physically harming a family member is a strong cultural belief in Chinese culture.

The third accomplice then tells the victim the only way to lift the curse is to gather all her valuables, including cash and jewelry, wrap them in newspaper, put them in a bag, and bring the bag back to her so the doctor can lift the curse. When the victim returns with the bag of valuables, the perpetrators tell her to transfer the items to a bag the perpetrators have with them. They tell the victim to close her eyes, spin around, and repeat a rhyme. The perpetrators perform a "blessing," tell the victim to leave the scene without looking back, not to speak to anyone, and not to open the bag for a period of time—anywhere from several days to a year—or the curse will come true. When the victim finally opens the bag, the valuables are gone. Witness Y.W. testified under a grant of use immunity that defendants paid him to drive them around the Bay Area. He identified Li as one of the defendants and stated she was the one who generally paid him. Police searched Li's room in a Los Angeles County residence and found blessing scam scripts during the search.

Li and her codefendants were charged in a consolidated information with the following 17 felony counts: three counts of elder fraud (Pen. Code,[1] § 368, subd. (d)(1)); four counts of grand theft (§ 487, subd. (a)); five counts of extortion (§ 520); one count of conspiracy to obtain property by false pretenses (§ 182, subd. (a)(4)); and four counts of conspiracy to commit any

---

[1] All further statutory references are to the Penal Code.

crime (§ 182, subd. (a)(l)). Li was also charged with the following misdemeanors and enhancements: elder fraud (§ 368, subd. (d)(2)); petty theft (§ 484, subd. (a)); and a white-collar crime enhancement (§ 186.11, subd. (a)(l)).

Pursuant to a plea agreement, Li pled guilty to one count of elder fraud (§ 368, subd. (d)(1)), a felony, with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754 to the remaining counts. Li requested a restitution hearing. At the contested restitution hearing, the district attorney relied on the victims' preliminary hearing testimonies and the probation department's report to determine the amount of money and value of the jewelry defendants took from the victims. The trial court ordered Li to pay victim restitution jointly and severally with her codefendants to the five victims. The total victim restitution ordered was $237,590.

## DISCUSSION

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have examined the entire record to see if any arguable issue is present. A trial court's restitution award is not subject to reversal on appeal unless there is no factual and rational basis for it. (*People v. Baker* (2005) 126 Cal.App.4th 463, 467.) We conclude the record before us does not warrant disturbance of the court's award and therefore agree with Li's counsel that no issues are present.

## DISPOSITION

Accordingly, the judgment is affirmed.

MARGULIES, ACTING P. J.

WE CONCUR:


BANKE, J.


SANCHEZ, J.

A161321
*People v. Li*